**Leroy LADSON, Plaintiff,**

v.

**ULTRA EAST PARKING CORPORATION, Defendant.**

**No. 92 Civ. 2994 (CSH).**

United States District Court, S.D. New York.

Sept. 21, 1994.

See also, 853 F.Supp. 699.

Leroy Ladson, pro se.

Charles Haydon, Dublirer, Haydon, Straci & Victor, New York City, for Union Local 272.

Kevin G. Chapman, Kauff, McClain & McGuire, Marsha Birnbaum, Birnbaum & Bloch, New York City, for Ulltra East Parking Corp.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

This case is before the Court on plaintiff's motion to reinstate a judgment of default that was vacated on September 29, 1993, and on defendant's motion for summary judgment.

## BACKGROUND

A chronology of the case will be useful. *Pro se* plaintiff Leroy Ladson initiated this action against defendant Ultra East and defendant Union Local 272, pursuant to § 301 of the Labor Management Relations Act ("LMRA"), alleging breach of a collective bargaining agreement. Specifically, Ladson alleges that Ultra East wrongfully discharged him and then threatened him with physical violence, and that defendant Union Local 272 failed to adequately represent him in the ensuing arbitration.

Ultra East failed to respond to the complaint, and on July 15, 1992, a judgment of default was entered. By motion dated September 3, 1992, Ultra East moved to vacate the default judgment pursuant to Rules 55(c) and 60(b) of the Federal Rules of Civil Procedure. Defendant claimed it was never served with a copy of the summons and complaint. In the meantime, defendant Union Local 272 moved for summary judgment.

On September 29, 1993, this Court issued two memorandum opinions and orders. In the first opinion, Local 272's motion for summary judgment was granted, as this Court found that Local 272 did not breach its duty of fair representation. In the second opinion, I agreed to vacate the entry of default against Ultra East, and Ultra East was ordered to file and serve papers responsive to the complaint within 30 days. The order expressly provided that failure to comply with that order would be deemed willful.

Despite having received a copy of the memorandum opinion and order setting forth the 30 day deadline, Ultra East did not respond to the complaint. On January 6, 1994, plaintiff moved to reinstate the judgment of default.

On January 10, 1994 courtesy copies of Ultra East's motion for summary judgment were received in my chambers. The origi-

nals, however, were not filed with the Clerk of the Court.

By letter dated June 27, 1994, counsel for Ultra East indicated that it had only recently become aware that it failed to file the answer in accordance with this Court's direction, and that the motion for summary judgment which was served on plaintiff was never filed with the Court. Counsel indicated the answer was filed June 24, 1994, but the Clerk declined to accept for filing the summary judgment motion without a specific direction from the Court.

## DISCUSSION

■ Plaintiff asks that the judgment of default be reinstated. Plaintiff argues, and I agree, that defendant's failure to comply with the order is willful[1]. Defendant's failure is especially egregious, coming as it does after the Court vacated the first default judgment.

■ Defendant asks that summary judgment be granted, on the ground that plaintiff's cause of action against Ultra East is foreclosed by the Court's finding that Local 272 did not breach its duty of fair representation. To establish a claim against an employer under § 301 of the LMRA, 29 U.S.C. § 185, a plaintiff must show wrongful discharge and breach of duty by the Union. *See DelCostello v. Teamsters*, 462 U.S. 151, 164–65, 103 S.Ct. 2281, 2290–91, 76 L.Ed.2d 476 (1983); *Hines v. Anchor Motor Freight*, 424 U.S. 554, 566, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). Plaintiff's inability to show breach of duty by the Union precludes any action against the employer.

I am reluctant to enter a judgment of default against defendant where plaintiff's complaint, as a matter of law, fails to state a claim against defendant. I am well aware that had defendant's summary judgment motion been presented in a timely fashion, Ultra East would be entitled to judgment as a matter of law.

Nevertheless, it is indisputable that defendant's willful failure to comply with a simple scheduling order put plaintiff to unnecessary expense and effort. If I were to grant defendant's motion for summary judgment, defendant would suffer no consequences for its willful and contumacious behavior, while plaintiff has been put to expense and effort.

I think the proper thing to do is to direct defendant to compensate plaintiff for the expenses and costs associated with moving to reinstate the default judgment. Plaintiff is appearing *pro se,* so I will not direct him to submit contemporaneous time records. Instead, I estimate plaintiff's costs and expenses to be $500, and I direct defendant to pay plaintiff that amount. Upon compliance with that order, I will enter summary judgment in defendant's favor.

So that there is no risk of misunderstanding, I will restate the orders outlined above:

(1) Defendant is directed to pay plaintiff $500. That payment must be made within 30 days of the date of this order, and within 10 days of payment, defendant must file a sworn affidavit attesting to that payment.

(2) Within 30 days of the date of this order, defendant shall file with the Clerk of the Court a copy of the summary judgment motion served on plaintiff and presented to chambers. The Clerk of the Court is directed to accept this motion for filing. Plaintiff may serve and file opposition papers to the defendant's motion for summary judgment on or before November 30, 1994. In that opposition, plaintiff must address the apparent legal obstacle to his claim described in this opinion.

(3) Failure by defendant to comply with any of these orders will result in the entry of a judgment of default on plaintiff's behalf.

It is SO ORDERED.

---

1. Defendant was expressly warned that failure to comply with the Court's order directing them to file an answer would be deemed willful. Accordingly, I deem the failure to be willful, and decline to consider the excuse offered by the defendant.